THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| NICHOLAS JOSEPH LEAR,<br><br>                 Plaintiff,<br><br>v.<br><br>ROAD HOME et al.,<br><br>                 Defendants. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 2:24-cv-00058-DBB<br><br>District Judge David Barlow |

      Apparently while at Utah State Hospital, *pro se* Plaintiff Nicholas Joseph Lear brought this civil-rights action. *See* 42 U.S.C.S. § 1983 (2025).[1] After screening the Complaint, under its statutory review function, 28 U.S.C.S. § 1915A (2025),[2] the Court ordered Plaintiff to cure its deficiencies. (ECF Nos. 5, 23.) In that Cure Order, the Court gave specific guidance on the

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2025).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims if possible. (ECF No. 23.) The Court further notified Plaintiff, "If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims." (*Id.* at 10.)

Plaintiff has since filed the Amended Complaint (AC), which retains many of the flaws warned against in the Cure Order. (ECF Nos. 23, 27.) The AC names the following defendants: Robbie Briggs-Woodliff, Road Home (RH) case manager; Michael Nope, Path therapist; David Amador, parole officer; ten John Doe Salt Lake (SL) City police officers; SL City police officer House; County Metro Jail employee Jason; Detective Conrad, gang task force; Melke and Liz, RH employees; "August" and two John Does, Premier security guards; Sim Gill, SL County District Attorney; and Mike Parker, RH director. (ECF No. 27.) Plaintiff suggests the following causes of action: conspiracy, cruel and unusual punishment, and GRAMA and FOIA violations. (*Id.* at 7.) He requests money damages. (*Id.* at 12.)

Having now thoroughly screened and liberally construed[3] the AC under its statutory review function, 28 U.S.C.S. § 1915A (2025), the Court dismisses some defendants and claims, and orders Plaintiff to show cause why this action should not be dismissed for his failure to adequately identify or describe SL unnamed police officers whom he has not properly affirmatively linked to his excessive-force cause of action.

---

[3] The Court recognizes Plaintiff's *pro se* status and so construes his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and language. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## A. ANALYSIS

### 1. Sua Sponte Dismissals

#### a. Standard of review

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor--the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves v. Kory*, No. 24-1048, 2024 U.S. App. LEXIS 12964, at *2–3 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678).

As the Court reviews the sufficiency of Plaintiff's allegations, it does for each individual defendant on each cause of action. *See Williams v. Utah Dep't of Corr.*, 928 F. 3d 1209, 1212 (10th Cir. 2019) (stating plaintiff must "explain[] which . . . prison-official defendants are liable for what improper conduct"). Indeed, § 1983 cases often include a list of defendants, like

> the government agency and a number of government actors sued in their individual capacities. . . . [I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F.3d at 1249-50 (emphasis in original) (citing *Twombly*, 550 U.S. at 565 n.10). When a complaint "fails to isolate the allegedly unconstitutional acts of each defendant," the plaintiff has not carried the burden of providing "adequate notice as to the nature of the claims against each." *Id.* at 1250. For instance, when a complaint uses "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*

The facts stated in each of the following sections are taken from the AC's allegations and are viewed in a light most favorable to Plaintiff. The facts are taken as true for this Order only.

### b. State actor requirement

The AC names the following RH employees as defendants: Briggs-Woodliff, Melke, Liz, and Parker. (ECF No. 27.) "The Road Home is a private nonprofit social services agency that assists individuals . . . experiencing homelessness in Salt Lake County . . . ." *The Road Home, roadhome.org/about-us/ (last visited July 25, 2025)*. Plaintiff also names "Path therapist" Nope as a defendant. (ECF No. 27.) Path IHC is a privately held company providing mental health

services. *Path Behavioral Healthcare, pathihc.com (last visited July 25, 2025)*. He further names "August" and two John Does, who worked as Premier Security guards. (*Id.*) Premier Security is a company providing commercial and private security services. *Premier Security Utah, premiersecurityutah.com/security-services (last visited July 25, 2025)*.

As the Court pointed out in its Cure Order,

> "[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of state action. Thus, private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim." *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001) (unpublished) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 (1982); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)).

(ECF No. 23, 4–5.)

As private actors, then, these eight defendants (Briggs-Woodliff, Melke, Liz, Parker, Nope, "August," and two John Doe security guards) must be dismissed, for they may not be held liable for their private conduct in this civil-rights action.[4]

### c. Defendants for whom no constitutional violations alleged

For several defendants, Plaintiff does nothing more than list them as defendants at the beginning of the AC. (ECF No. 27.) This list includes Amador, Conrad, Gill, and House, who are never again mentioned in the AC, with no allegations of constitutional violations. (*Id.*) Further, Defendant "Jason," is described in the AC as merely using "his flashlight to check [Plaintiff's] pupils." (ECF No. 27, at 9.) It is then alleged that, after Jason noticed that Plaintiff's eyes were

---

[4] The private conduct alleged ranges from calling the police about the "child porn" on Plaintiff's "devices" to refusing Plaintiff "security cam footage." (ECF No. 27 at 8, 10.)

"dilating," Jason "spoke to the two SLPD John Does," who then loaded Plaintiff "back into [the] vehicle and . . . drove away." (*Id.*)

Between the complete lack of any allegations involving Defendants Amador, Conrad, Gill, and House, and the benign allegations regarding Defendant Jason, Plaintiff fails to follow the Cure Order's guidance notifying Plaintiff that Federal Rule of Civil Procedure 8 requires him to include in the AC "'a short and plain statement of the claim showing that the pleader is entitled to relief'" as to these five defendants. (ECF No. 23 at 2 (quoting Fed. R. Civ. P. 8).) The Cure Order also instructed, "'Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint'"--the latter of which Plaintiff thoroughly and critically failed to do. (*Id.* at 3.) On top of that, Plaintiff failed to heed the following direction from the Cure Order: "The complaint must clearly state what each individual defendant . . . did to violate Plaintiff's civil rights." (*Id.* at 3 (citing *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976)).) By simply writing certain defendants' names in the AC, with no hint of any of their activities, Plaintiff has fallen fall short of stating a claim upon which relief may be granted against these certain defendants.

Finally, as to Defendant Jason, Plaintiff asserts merely that Jason shined a flashlight in his eyes, noticed his eyes dilating, and said something to two officers. (ECF No. 27 at 9.) These allegations do not affirmatively link Jason's behavior to the elements of a cause of action of "inadequate physical treatment," of which Plaintiff was advised in the Cure Order:

> An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency. *Id.* at 834. The objective component requires conditions sufficiently serious so as to (1)

> deprive an inmate "of the minimal civilized measure of life's necessities" or (2) subject an inmate to "a substantial risk of serious harm." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted). "The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

(ECF No. 23 at 7.) Plaintiff's minimal allegations do not plausibly suggest that (a) Jason's behavior (of shining a light in his eyes and noting dilation) subjected Plaintiff to "substantial risk of serious harm," *Shannon*, 257 F.3d at 1168, nor (b) that Jason "knew of and disregarded" a risk to Plaintiff's health or safety, *Farmer*, 511 U.S. at 837.

Because Plaintiff failed to set forth allegations of *any* behavior by Defendants Amador, Conrad, Gill, and House, and more than innocuous behavior by Defendant Jason, these defendants are dismissed for failure to state a claim upon which relief may be granted.

**2. Order to Show Cause Based on Lack of Remaining Defendants' Names**

Based on the dismissals in the prior two subsections, the only remaining defendants appear to be seven unnamed SL police officers, who allegedly engaged in excessive force toward Plaintiff. (ECF No. 27.) Plaintiff's complete allegations about these defendants and claim are as follows: **a.** After receiving a call from private-actor defendants accusing Plaintiff "of having child porn on [his] device, on 02/12–13/2022," two John Doe SL police officers restrained Plaintiff, using tasers and an injection, before "kidnapping him," then "smashing" him "to the ground" and injecting him again causing him to fall "unconscious." (ECF No. 27 at 6, 8, 10.) **b.** Apparently later during the two-day period, five unknown police officers staged an arrest in which they "repeatedly tasered" Plaintiff "to cover up what they had done." (*Id.* at 10.)

Plaintiff has not identified any of these officers by name, badge number, or even physical description, (ECF No. 27), despite his acknowledgment in the AC that he accessed the police report, (*id.* at 10 ("The original police report for that arrest shows I was taken into custody . . .")), and despite the Cure Order's requirement that "[e]ach defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the 'cause of action' section of the complaint," (ECF No. 23 at 3). Moreover, within fifteen days of filing his initial complaint, Plaintiff reported that he had been released from incarceration, which freed him to seek the information he needed to better describe the unnamed defendants, whether through police reports or other means. (ECF No. 6.) This was many months before the Cure Order was issued with all its direction on filing a valid amended complaint, including the names of individual defendants. (ECF No. 23.)

Plaintiff's spare and conclusory allegations continue to not meet the standards Plaintiff was advised of in the Cure Order. (ECF Nos. 23, 27.) In fact, not one of these excessive-force claims is linked to a defendant who has been named or described with detail. And, though thoroughly alerted to his pleading duties, (ECF No. 23), Plaintiff does not "isolate the allegedly unconstitutional acts of each defendant," (ECF No. 27); thus, Plaintiff gives inadequate notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250. Indeed, Plaintiff does not heed the Court's direction that a full explanation of the "'who,' 'what,' . . . 'when,' and 'why'" is required, leaving his allegations insufficient to state a claim. (ECF No. 23 (quoting *Robbins*, 519 F.3d at 1248).) Without specifying individual defendant behaviors, Plaintiff says he

was harmed but does not provide crucial links between any one defendant and any one allegation of unconstitutional treatment or element of a cause of action.

In sum, Plaintiff's claims discussed in this section are all fatally not linked to any specific, named defendant, despite Plaintiff being thoroughly instructed as to his pleading duties and warned that such omissions would require dismissal. (ECF No. 23.) Plaintiff's articulation of these allegations fails to "isolate the allegedly unconstitutional acts of each defendant"; Plaintiff therefore gave insufficient notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250.

The court will grant Plaintiff one more chance to amend his complaint to identify each SL police officer allegedly participating in the excessive force claims occurring on February 12 through 13, 2022. (ECF No. 27 at 6.)

### B. ORDER

**IT IS ORDERED** as follows:

**1.** For Plaintiff's failure to state a claim upon which relief may be granted, Defendants Briggs-Woodliff, Melke, Liz, Parker, Nope, "August," and two John Doe security guards are **DISMISSED**. These defendants are not state actors under § 1983.

**2.** For Plaintiff's failure to state a claim upon which relief may be granted, Defendants Amador, Conrad, Gill, House, and "Jason" are **DISMISSED**. Plaintiff did not link any of these defendants to violations of his federal constitutional rights.

**3.** Plaintiff must within thirty days **SHOW CAUSE** why the remaining seven unnamed SL police officer defendants should not be dismissed because he has not identified them by name or other adequately descriptive details that would allow the Court to request waiver of service of

the Amended Complaint upon them. (ECF No. 27.) It is Plaintiff's responsibility to provide this information.

**4.** If Plaintiff wishes to further proceed with this action, Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint," that does not refer to or include any other document. (ECF No. 27.)

**5.** The Clerk's Office shall again mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue a second amended complaint.

**6.** Any complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Amended Complaint, which apparently happened on February 12–13, 2022. (*Id.*) The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If a second amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

**7.** Plaintiff's Motion for Discovery is **DENIED**. (ECF No. 29.) Information about "all garages in and around SLCMJ/SLCS)" is irrelevant to the reasons why the Amended Complaint is inadequate. (*Id.*)

DATED this 12th day of September, 2025.

BY THE COURT:

_____
DISTRICT JUDGE DAVID BARLOW
United States District Court