UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| NICHOLAS JOSEPH LEAR,<br><br>                    Plaintiff,<br><br>v.<br><br>ROAD HOME et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION<br>AND DISMISSAL ORDER**<br><br>Case No. 2:24-cv-00058-DBB<br><br>District Judge David Barlow |

Plaintiff Nicholas Joseph Lear, while at Utah State Hospital, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2026),[1] proceeding *in forma pauperis*, *see* 28 *id.* § 1915. ECF Nos. 4–5.

After screening Plaintiff's original complaint (OC), the court ordered him to cure its many deficiencies. ECF. Nos. 5, 23. In that Cure Order (CO), the court gave specific guidance on the deficiencies, along with other details to help Plaintiff file an amended complaint with any valid claims. ECF No. 23. The court advised,

> If an amended complaint is filed, the Court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims. . . . If Plaintiff fails to timely cure . . . deficiencies according to this Order's instructions, this action will be dismissed without further notice.

*Id.*

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity . . . .

42 U.S.C.S. § 1983 (2026).

Plaintiff then filed the Amended Complaint (AC). ECF No. 27. The court screened the AC, dismissing eight named defendants who were "not state actors under § 1983" and five defendants to whom Plaintiff failed to "link . . . violations of his federal constitutional rights." ECF No. 30. Plaintiff was given thirty days in which to show cause "why the remaining seven unnamed [Salt Lake City] police officer defendants should not be dismissed because he has not identified them by name or other adequately descriptive details that would allow the Court to request waiver of service of the Amended Complaint upon them." *Id.* Plaintiff was notified that this would require Plaintiff to "cure the Amended Complaint's deficiencies . . . by filing a document entitled, 'Second Amended Complaint,' that does not refer to or include any other document." *Id.*

Along with a host of motions, Plaintiff has since filed the Second Amended Complaint (SAC). ECF Nos. 31, 39-40, 42-45, 47-55. The SAC names the following SLC police-officer defendants: Officer House and John Does One through Six. ECF No. 39. Plaintiff asserts that Defendants are subject to liability under the following federal code sections: 18 U.S.C.S. § 1201 (2026) (crimes of kidnapping and conspiracy); *id.* § 2340A (crime of torture); *id.* § 1113 (crime of attempted murder); and *id.* § 552 (Freedom of Information Act (FOIA)). ECF No. 39.

Having now thoroughly screened and liberally construed[2] the SAC under its statutory review function,[3] the court dismisses this complaint.

---

[2]The court recognizes Plaintiff's *pro se* status and so construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this court's bar. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[3]The screening statute reads:

## A. FAILURE TO STATE A CLAIM

### 1. Standard of Review for *Sua Sponte* Dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor-- the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

### 2. Analysis

The court now analyzes the federal code sections under which Plaintiff seeks to hold Defendants liable: 18 U.S.C.S. § 1201 (2026) (crimes of kidnapping and conspiracy); *id.* § 2340A (crime of torture); *id.* § 1113 (crime of attempted murder); and *id.* § 552 (Freedom of Information Act (FOIA)). ECF No. 39.

---

(a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C.S. § 1915A (2026).

A federal civil-rights action is not an appropriate vehicle for a plaintiff to hold other individuals or entities liable under criminal codes. *See Dodds v. Richardson*, 614 F.3d 1185, 1193 (10th Cir. 2010) ("To recover under § 1983, a plaintiff must establish "'the violation of a right secured by the Constitution and laws of the United States . . . .'") (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988))*; see also Hines v. Allbaugh*, No. CIV-15-901-R, 2017 U.S. Dist. LEXIS 122413, at * 23 (W.D. Okla. Aug. 3, 2017) ("[A] declaration that Defendants have violated criminal statutes is inappropriate in this civil rights case."); *Martin v. Creek Cnty. Jail*, No. 10-CV-699, 2011 U.S. Dist. LEXIS 44008, at *4 (N.D. Okla. Apr. 22, 2011) (stating in federal civil-rights action that "plaintiff lacks standing to bring criminal charges against Defendants"). Indeed, these criminal codes reveal that they do not offer a separate cause of action empowering private citizens to seek money damages. *See* 18 U.S.C.S. §§ 1113, 1201, 2340A (2026).

Regarding the FOIA claim, FOIA governs only document requests of federal agencies, not state agencies. *See* 5 *id.* §§ 551(1), 552, 552a. And this action does not involve any federal agencies.

In conclusion, all of Plaintiff's claims are invalid, failing to state claims upon which relief may be granted, and are therefore dismissed.

### B. ORDER

**IT IS ORDERED** as follows:

**1.** For failure to state a claim upon which relief may be granted, the Second Amended Complaint, ECF No. 39, is **DISMISSED** without prejudice. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2026). Three iterations of the complaint, ECF Nos. 5, 27, 39, and two rounds of explanations of complaint deficiencies, ECF Nos. 23, 30, have not resulted in an adequately improved pleading.

**2.** Plaintiff's motions for discovery are **DENIED**. ECF Nos. 31, 40, 43-45, 49-50, 53, 55. The Second Amended Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice.

**3.** Plaintiff's motions to amend the Second Amended Complaint are **DENIED**. ECF Nos. 42, 47-48, 51, 54. These motions continue to allege only invalid causes of action under the same federal criminal code and FOIA sections discussed above.

**4.** Plaintiff's motion for extension of time is **DENIED** as moot. ECF No. 52.

**5.** If Plaintiff wishes to file an amended complaint, he must do so no later than July 15, 2026. If Plaintiff fails to timely file an amended complaint, this action will be dismissed and closed without further notice.

DATED this 22nd day of June, 2026.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court